**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| Scurmont LLC, d/b/a Calli Baker's Firehouse Bar & Grill, and Heath Scurfield, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Firehouse Restaurant Group, Inc., a Florida corporation, Three Alarm Subs, Inc., a South Carolina corporation, and Fireside Restaurant Company, Inc., a South Carolina corporation,<br><br>Defendants. | Civil Action No. 4:09-cv-00618-RBH<br><br>**Plaintiffs' Reply Brief in Support of Motion *In Limine* to Exclude Testimony and Report of George M. Thomas** |

# EXHIBIT A

J. Thomas McCarthy, 6 McCarthy on Trademarks and Unfair Competition §§ 31.67 (2010)

McCarthy on Trademarks and Unfair Competition, Fourth Edition
Database updated November 2010

J. Thomas McCarthy

Chapter
31. Defenses to Infringement of Trademarks
III. FRAUD IN OBTAINING TRADEMARK REGISTRATION
A. GENERALLY
2. The Elements of Fraud

References

**§ 31:67. Trademark fraud and patent fraud compared—Materiality**

**West's Key Number Digest**

West's Key Number Digest, Trademarks 1382
West's Key Number Digest, Trademarks 1520

To constitute "fraud" the knowing misrepresentation to the PTO must be "material" in the sense that but for the misrepresentation, the federal registration either would not or should not have issued.[1] While in the patent fraud context the courts have wrangled over the correct standard of "materiality,"[2] it is probably the law that in the trademark context, a material misrepresentation arises only if the registration should not have issued if the truth were known to the examiner.[3] For example, a misstatement as to the date of first use of a mark is immaterial so long as there was some use prior to making the use-based application.[4]

---

[FN1] Morehouse Mfg. Corp. v. J. Strickland & Co., 407 F.2d 881, 160 U.S.P.Q. 715 (C.C.P.A. 1969) (to be material, a misrepresentation must be "vital to overcoming the ground of rejection"; partially untrue response to examiner's request for disclaimer was as to a harmless matter and not material); National Trailways Bus System v. Trailway Van Lines, Inc., 269 F. Supp. 352, 155 U.S.P.Q. 507 (E.D.N.Y. 1965) (false representation held material where registration "would not have been granted … if the true facts were disclosed"). *See* Universal Overall Co. v. Stonecutter Mills Corp., 379 F.2d 983, 154 U.S.P.Q. 104 (C.C.P.A. 1967) (any fraud in original application was rendered moot when applicant, at examiner's request, amended prior to publication); Travelodge Corp. v. Siragusa, 228 F. Supp. 238, 141 U.S.P.Q. 719 (N.D. Ala. 1964), aff'd, 352 F.2d 516, 147 U.S.P.Q. 379 (5th Cir. 1965).

[FN2] *See, e.g.,* Specialty Composites v. Cabot Corp., 845 F.2d 981, 992, 6 U.S.P.Q.2d 1601, 1608 (Fed. Cir. 1988) (information is material if there is a substantial likelihood that a reasonable Patent Examiner would have considered it important in deciding whether to issue a patent). *See* 4 Chisum, *Patents* § 19.03(3) (1990 rev.).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

[FN3] *See* Norton v. Curtiss, 433 F.2d 779, 793, 167 U.S.P.Q. 532 (C.C.P.A. 1970); William Grant & Sons, Inc. v. National Distillers & Chemical Corp., 173 U.S.P.Q. 813 (T.T.A.B. 1972) (even if applicant knew of a prior registration of the same mark, there is no material fraud since examiner is presumed to know of prior registrations and could not be misled by possibly false oath); Pennwalt Corp. v. Sentry Chemical Co., 219 U.S.P.Q. 542, 1983 WL 50161 (T.T.A.B. 1983) (Board rejected a charge of fraud based upon registrant's alleged misrepresentation regarding the date of its registration of the product with the U.S. Dept. of Agriculture. An essential element of fraud is that the allegedly false statement concerned a fact "which would have been material to the Examiner's determination whether the application should be approved for publication." Any nondisclosure or misrepresentation here was immaterial because applicant's initial shipment was exempt from U.S.D.A. registration and full disclosure would not have resulted in a proper refusal of registration by the Trademark Examiner.).

[FN4] *See, e.g.,* Hecon Corp. v. Magnetic Video Corp., 199 U.S.P.Q. 502, 1978 WL 21245 (T.T.A.B. 1978). *See* §§ 31:69 to 31:83.

Westlaw. © 2010 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

MCCARTHY § 31:67

END OF DOCUMENT