## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| Firehouse Restaurant Group, Inc., a Florida Corporation, Three Alarm Subs, Inc., a South Carolina Corporation, and Fireside Restaurant Company, Inc., a South Carolina Corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>Scurmont LLC d/b/a Calli Baker's Firehouse Bar & Grill, and Heath Scurfield, an Individual,<br><br>        Defendants. | Civil Action No. 4:09-cv-00618-RBH<br><br><br>**INDICATIVE RULING PURSUANT<br>TO FED. R. CIV. P. 62.1(a)(3)** |

      The parties to this action have submitted a Joint Motion to Vacate and Set Aside Final Judgment Pursuant to Fed. R. Civ. P. 60(b)(6). [Doc. #248.] If granted, the Motion would require that the jury's verdict and the subsequently entered Judgment [Doc. # 222], including their findings of non-infringement and that Plaintiff Firehouse Restaurant Group, Inc. obtained the registration for the trademark FIREHOUSE, Registration Number 3,173,030 ("Registration"), through fraud on the U.S. Patent & Trademark Office ("PTO"), be vacated. Pursuant to 35 U.S.C. § 290 and 15 U.S.C. § 1116, on August 24, 2011, this Court forwarded the judgment in this case to the PTO so that it would have notice of those findings.

      On November 15, 2011, the case was appealed to the U.S. Court of Appeals for the Fourth Circuit, where the matter is now pending and docketed as Case No. 11-2264. As a result of ongoing settlement discussions, the parties have reached an agreement to resolve the matter and this agreement prompted the Joint Motion now before the Court. Because the matter is on appeal, this Court lacks the authority to grant the pending motion. After careful consideration,

however, the Court has reached a determination that it would grant the motion if the matter is remanded by the Court of Appeals for that purpose. Thus, this Indicative Order is issued pursuant to Rule 62.1(a)(3) of the Federal Rules of Civil Procedure.

Before ruling on the Joint Motion, the Court afforded the PTO the opportunity to be heard on the matter. By order dated June 22, 2012 [Doc. #249], this Court directed the Clerk to send notice of the Joint Motion to both the Director and General Counsel of the PTO. In that notice, the Court invited the PTO to be heard on the matter of the Joint Motion by filing a briefing with the Court within fourteen days.

The Court's decision to issue this Order comes after consideration of the response made by the PTO and filed with the Clerk as Docket Entry 251. The PTO response stated that, "So long as the parties agree that the registration will not be renewed and accordingly will be canceled, the USPTO is not concerned whether the Court's judgment is vacated." [Doc. # 251.] Aware of the Court's concerns about vacating a finding of fraud, the parties' Joint Motion specifically noted that a term of the underlying settlement is that Firehouse Restaurant Group, Inc., will allow the Registration to be administratively cancelled this year and will never seek to renew the Registration. According to the PTO, the period for making the next filing to maintain the Registration and avoid cancellation will expire on November 21, 2012. [Doc. # 251.]

Rule 60(b)(6) gives the Court authority to grant relief from a final judgment "on motion and just terms" for "any … reason that justifies relief." While vacatur is not usually justified when a case is mooted by settlement, the Supreme Court has recognized an exception to this general principal where there are "exceptional circumstances." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'shp*, 513 U.S. 18, 29 (1994) (addressing the vacatur of an appellate decision). In *Bancorp*, the Supreme Court held that the determination of whether vacatur is appropriate is an

equitable one, and that exceptional circumstances "may conceivably counsel in favor of such a course." 513 U.S. at 29.

In *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112 (4th Cir. 2000), the Fourth Circuit analyzed the applicability of *Bancorp* to motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (as opposed to 28 U.S.C. § 2106, which applies to the authority of the court of appeals). While the Fourth Circuit held that *Bancorp* does not bind district courts with regard to a Rule 60(b) motion, "the *Bancorp* considerations that are relevant to appellate vacatur for mootness are also relevant to, and likewise largely determinative of, a district court's vacatur decision for mootness under Rule 60(b)(6), *even if those considerations do not necessarily exhaust the permissible factors that may be considered by a district court in deciding a vacatur motion*." *Valero Terrestrial*, 211 F.3d at 121 (emphasis added). The Fourth Circuit stated that "vacatur is available as a remedy to the district court, as it is to the appellate court, … in 'exceptional circumstances,' even where the considerations of relative fault and the public interest would otherwise counsel against vacatur." *Id.* (citation omitted).

In *Major League Baseball Props., Inc. v. Pacific Trading Cards, Inc.*, 150 F.3d 149 (2d Cir. 1998), the Second Circuit addressed "exceptional circumstances" in the context of a settlement agreement reached in a trademark infringement action. Upon reaching a settlement agreement, the parties moved jointly pursuant to 28 U.S.C. § 2106 for a vacatur of the district court's preliminary injunction order, and advised the court that the matter would only settle if the district court's order and opinion were vacated. *Id.* at 152. Concluding that the case presented the type of "extraordinary circumstances" envisioned in *Bancorp*, the Second Circuit granted the motion. *Id.* In this instance, as in *Major League Baseball Properties*, both parties will benefit from the vacatur of the final judgment. Both parties wish to resolve this matter and to devote

their resources for their respective business endeavors rather than to litigating an appeal. Similarly, the mark owner in *Major League Baseball Properties* needed a vacatur because, it had to be concerned about the effect of the district court's decision in future litigation with alleged infringers. *Id.* Under trademark law, a mark owner must defend its mark against all users or be subject to the defense of acquiescence. *Id.* This rationale applies here to Firehouse Restaurant Group, Inc. Thus, in this case as in *Major League Baseball Properties*, the parties are "locked in a dispute that they could end on a commercial basis satisfactory to both." *Id.*

The Court must also consider the public interest. A governmental agency, the PTO, has an interest in the outcome of this case. Because of this, the Court finds this matter analogous to the case of *Equal Access for All, Inc. v. Hughes Resort, Inc.*, No. 5:04cv178/MCR, 2006 WL 1313189 (N.D. Fla. May 12, 2006), where an action was brought pursuant to the Americans with Disabilities Act ("ADA") to enforce the public interests protected by that statute. After the Court issued an order in that case, the parties reached a settlement agreement which would require the entry of a consent judgment vacating that prior order. *Id.* at *2.

Looking to the *Bancorp* decision, the district court in *Equal Access* granted a motion for relief from judgment. *Id.* at *1. The court found that exceptional circumstances did exist. The court pointed to circumstances similar to those in this case. *Id.* All parties agreed that vacating the prior judgment was desirable, and the court was not aware of any reason to suspect an attempt to manipulate the judicial process by the filing of the motion. *Id.* Second, the court noted that the judiciary and the parties would save time and resources if the motion were granted. Finally, and "most importantly," the court noted that the settlement required the defendants to bring their facilities into compliance with the ADA, a result that served the public interest. *Id. (citing McClendon v. City of Albuquerque*, 100 F.3d 863, 868 (10th Cir. 1996)).

4

The court noted that such a result would outweigh any limited harm the judicial system might suffer from losing legal precedent in the matter.  *See also Microtune v. Broadcom Corp.*, No. 4:01CV23, 2004 WL 2358101, *1 (E.D. Tex. Aug. 30, 2004) (vacating judgment of willful patent infringement and award of attorneys' fees based on parties' joint motion following settlement); *Lycos v. Blockbuster, Inc.*, C.A. No. 07-11469-MLW, 2010 WL 5437226, *4 (D. Mass. Dec. 23, 2010) (holding that there were substantial public and private benefits to vacatur in connection with settlement, which outweighed offsetting public costs).

Each of the *Equal Access* factors is present in the matter at bar as well. The public interest is not offended if the Judgment is vacated because the third party impacted by the Judgment, the PTO, does not object to vacatur, "[s]o long as the parties agree that the registration will not be renewed and accordingly will be canceled . . . ." [Doc. # 251.] The effect of the Judgment—cancellation of the Registration—will still occur as a result of the settlement agreement.  Additionally, the public interest will actually be served by vacating the Judgment, as it will preserve judicial resources by not only ending the appeal of this action, but by forever foreclosing litigation regarding Firehouse Restaurant Group, Inc.'s registration for the trademark FIREHOUSE, Registration Number 3,173,030. Therefore, If the matter is remanded by the Fourth Circuit Court of Appeals, the Court will therefore grant the pending motion.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
July 13, 2012